CHICAGO, ROCK ISLAND & TEXAS RAILWAY COMPANY V.
R. P. GRAGG.

Decided May 14, 1904.

**1.—Carrier of Passengers—Furnishing Only Mixed Trains as Negligence or Proximate Cause of Injury.**

Where plaintiff bought a first-class railroad ticket, but was compelled to ride on a mixed train, no other kind being run on that road, which fact was well known to him. and he was injured by reason of stepping on a banana peel and a lurch of the car occurring at the same instant, the failure of the road to run trains for passengers exclusively was not the proximate cause of plaintiff's injury.

**2.—Same—Pleading and Charge—False Issue.**

It was therefore error for the court to admit evidence showing the character of service given on other roads to one holding a first-class ticket, and to submit to the jury the question of negligence in the failure to furnish a train for passenger service exclusively, thus trying the case upon a false issue, although such failure was pleaded as negligence and a ground of recovery.

Appeal from the District Court of Jack. Tried below before Hon. J. W. Patterson.

*N. H. Lassiter, Robert Harrison,* and *Stark & Groner,* for appellant.

*Thos. D. Sporer* and *R. D. Bell,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—In traveling from Jacksboro to Graham on a mixed train, composed of passenger coaches and box cars, appellee, who was a regular passenger and in a passenger coach, was injured in the following manner: Just before the train reached Bryson he entered the water closet and stepped on a banana peel, when the train made a sudden lurch and he slipped and fell. He seems to have been severely injured in the hip and slightly injured in the eye, for which he recovered a verdict and judgment for $5000.

It was alleged as ground of recovery and the evidence tended to prove, but did not conclusively establish, that appellant was guilty of negligence in permitting the banana peel to remain on the floor of the water closet, where it was so dark passengers could not well see it, and in not handling the train more carefully, which issue, in both of its phases, was submitted to the jury.

An additional ground of recovery was alleged and submitted to the jury, which is thus stated in appellee's brief: "1. That appellee on March 10, 1903, bought a ticket for first-class passage or service over appellant's road from Jacksboro to Graham, Texas, paying 85 cents therefor. 2. That, though he bought first-class transportation, he was compelled to take passage on a mixed train composed of freight cars loaded with freight, and having at their rear one combination car for the carriage of mail and baggage and passengers, and one passenger coach. 3. That the train was not such as is used in the transportation of passengers who pay first-class fare. 4. That appellee was compelled to take passage upon this train ·as ·that was the only kind that was operated between the said Jacksboro and Graham, and that it was

more hazardous to ride upon this character of train than upon a regular passenger train."

The fact that appellee, in common with other passengers, had to ride on a mixed train, that being the only kind used between Jacksboro and Graham, was clearly not the proximate cause of the personal injuries complained of. The fact that he had to ride on such a train after paying the same fare required of first-class passengers on the best equipped passenger trains operated in other portions of the State, however unjust this may seem, was no more the cause of his injuries than the construction of the railroad from Jacksboro to Graham. It was not pretended that appellee was ignorant of the fact, so obvious to all, that the train on which he took passage was a mixed train. The court therefore erred, as assigned, in permitting appellee, over the objections of appellant, to answer the following question: "When you pay for first-class transportation away from here, what kind of transportation, what kind of train do you ride in?" his answer being that he rode in a passenger train. And in permitting the witness Spiller, over objection, to answer the following question: "When a person buys a first-class ticket, what is he entitled to?" his answer being that he was entitled to ride on a first-class passenger train. And in permitting Spiller and other witnesses, over objection, to testify that a train composed of passenger coaches alone was safer than one composed of passenger coaches and freight cars.

For the same reason the court erred in submitting the issue of a mixed train as a substantive ground of recovery, as was done in the following paragraph of the charge: "If you believe from a preponderance of the evidence herein that the defendant did not run upon its road upon which the plaintiff was traveling any purely passenger trains, and that the only trains they run for passengers to ride upon were mixed trains, that is, trains composed of passenger and freight cars, and if you believe it is more hazardous riding on mixed than on passenger trains, and if you believe it was negligence on the part of the defendant company in failing to furnish purely passenger trains, and if you believe from a preponderance of the evidence that it was by reason of the failure to furnish purely passenger trains, and by reason of plaintiff having to ride on a mixed train, that he was hurt and injured, he would be entitled to recover."

In view of another trial, we express doubt as to the admissibility of the testimony of J. B. Parr, as set out in bill of exceptions number 5.

The error in the court's definition of negligence was clearly an oversight, and, like the objection to the fourth paragraph of the charge, will be obviated on another trial.

We also assume that the improper remarks of counsel objected to will not be repeated.

Because the court erred in allowing the case to be tried on a false issue as explained above, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*